**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2443
_____

JAMES MOSLEY,
                                        Appellant

v.

CITY OF PHILADELPHIA; DANIEL J. ANDERS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-02248)
District Judge:  Honorable Mia R. Perez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: January 19, 2024)
_____

OPINION[*]
_____.

PER CURIAM

    James Mosley, proceeding pro se, appeals from the District Court's dismissal of

his complaint with prejudice.  For following reasons, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mosley filed suit against the Honorable Daniel J. Anders of the Philadelphia Court of Common Pleas and the City of Philadelphia, pursuant to 42 U.S.C. § 1983. Dkt. No. 2. Mosley alleged that Judge Anders violated his due process rights and acted negligently and discriminatorily when he issued an order stating that Mosley could not represent an estate pro se. Id. at 3 & 7. Mosley sought compensatory damages and injunctive relief. Id. at 4. The District Court screened the action under 28 U.S.C. § 1915(e) and dismissed the complaint with prejudice. Dkt. No. 4. Mosley timely filed a notice of appeal. Dkt. No. 6.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the sua sponte dismissal of a complaint under § 1915(e) is plenary.[1] Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

To the extent Mosley argues on appeal that the District Court erred in dismissing his claims against Judge Anders, we disagree. Mosley's claims for money damages based on Judge Anders' order are barred by judicial immunity. See Figueroa v. Blackburn, 208 F.3d 435, 440-42 (3d Cir. 2000). To the extent Mosley challenges the constitutionality of the rule prohibiting a pro se litigant from representing an estate, Judge Anders is not the proper defendant because he did not promulgate the rule; rather, he

---

[1] We do not review issues Mosley has not argued on appeal, such as the District Court's dismissal of his claims against the City of Philadelphia. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017) (explaining that an appellant's failure to raise an argument constitutes forfeiture of that argument). We recognize that Mosley's brief is sparse, but we construe his pro se filings liberally and will review his arguments. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

acted as its "neutral and impartial arbiter." <u>Allen v. DeBello</u>, 861 F.3d 433, 440-42 (3d Cir. 2017) (where judges did not initiate the action, promulgate the statute or judicial standard, or serve an administrative function, they acted in adjudicatory capacity and were not proper defendants for challenging the standard).

Accordingly, we will affirm the judgment of the District Court.